THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:04-CR-27-1FL
4:04-CR-27-2FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CONVALESCENT TRANSPORTS, ) | **RECOMMENDATION** |
| INC., BRIAN CONNER, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court with regard to the Motion to Extend Receivership of Convalescent Transports, Inc. [DE-157] filed by Algernon L. Butler, III ("Receiver") as Receiver for Convalescent Transports, Inc. ("CTI"). In his motion, the Receiver requests that the Court enter an order extending the receivership of CTI for an additional twelve months.

BACKGROUND

On November 17, 2005, the Court entered an Order Appointing Receiver and Enjoining Actions of the Defendants [DE-57]. In this Order, Algernon L. Butler, III was appointed as Receiver for CTI for a period of two years from the date of the Order. As such, the receivership is set to expire on November 17, 2007.

The Receiver contends that a one year extension is necessary to ensure that all of the accounts receivable of CTI are collected, that the final distributions are made, that final tax returns are filed, and that a final report made to the Court. The United States Department of Health and Human Services, the largest single creditor in the case, through the United States Attorney, has consented to the requested extension of receivership.

## FINDINGS AND RECOMMENDATION

A hearing on the Receiver's motion was held before the undersigned on Thursday, November 15, 2007 in Greenville. Present at the hearing were Algernon L. Butler, III, the Receiver as well as Defendant Brian Conner's mother. Neal Fowler, the Assistant United States Attorney handling the civil side of the case, did not attend but called the court to indicate his consent to the motion.

At the hearing, the Receiver reiterated the need to finalize collections, make distributions and file tax returns and final reports with the Court. He asserted that these tasks could be accomplished on or before November 17, 2008, and the receivership terminated. Specifically, the Receiver stated that most of the Medicare and Medicaid receivables had been collected. He stated that there was still approximately 1.1 million dollars in receivables on the books from private parties such as nursing homes and insurance companies. The Receiver stated that he hoped that $25,000 could be collected from these private receivables if the receivership was extended.[1]

The Receiver stated that the collection agency (ESO) would need an additional six months to attempt to collect the private receivables and that he would need four to six months after collection activity ceased to make distributions, file tax returns and make a final accounting for the Court.

The undersigned is satisfied that the Receiver has diligently and professionally sought to collect the outstanding receivables and wrap up the affairs of CTI. This finding is supported by the fact that the federal government, as CTI's largest creditor, has

---

[1] The small amount of money that the Receiver stated he could realistically collect from the pending receivables was due primarily to the age of the accounts.

consented to the request to extend the receivership.  Notwithstanding these facts, it appears that the net benefit of the receivership to CTI and its creditors has been quite low. Specifically, the Court notes as follows from the Receiver's semi-annual court mandated accountings:

>     May 1, 2006 - October 31, 2006
>     $          0.00 Receivables Collected
>     $ 186,120.89 Professional Compensation and Fees
>     Loss  ($ 186,120.89)
>
>     November 1, 2006 - April 30, 2007
>     $190,386.98 Receivables Collected
>     $127,635.58 Professional Compensation and Fees
>     Gain  $ 62,751.14
>
>     May 1, 2007 - October 31, 2007
>     $ 26,432.89 Receivables Collected
>     $ 23,513.28  Professional Compensation and Fees
>     Gain  $ 2,919.59

In aggregate, the Receiver's activities to date have resulted in collections of **$216,819.85**, with Professional Compensation and Fees[2] of **$337,269.75**, resulting in a net loss to the Estate of **$120,449.90**.

The Court notes that the Receiver has provided other valuable services to the Estate in addition to collection activities and that the net loss indicated above may not be indicative of the true value of the services rendered.  Notwithstanding this fact, the undersigned believes that a twelve (12) month extension of the receivership is not warranted or beneficial to the Estate, its creditors, the Court and the public. Recognizing

---

[2]This includes not only compensation and fees of the Receiver but also compensation of ESO, the collection agency, and other professionals.

that the government has consented to the requested extension and that there is a possibility of some additional collections in an amount of approximately $25,000.00, the undersigned RECOMMENDS that the receivership be extended for a period of six (6) months through and including May 19, 2008. This extension would allow the Receiver additional time to continue collection activities as well as time to make accountings, distributions, file tax returns and make a final report to the Court. In the event the collection on the private receivables is more productive than thought by the Receiver, the Receiver could move for an appropriate additional extension of the receivership based on objective evidence of its benefit.

## CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that the motion to extend receivership be **GRANTED** to the extent that the receivership be extended for a period of six (6) months through and including May 19, 2008. The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 19th day of November, 2007.

---
DAVID W. DANIEL
United States Magistrate Judge