THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:04-CR-27-1FL
4:04-CR-27-2FL

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| v. | ) |
| BRAIN CONNER, and CONVALESCENT TRANSPORTS, INC., | ) **MEMORANDUM AND RECOMMENDATION APPROVING METHOD OF FINAL DISTRIBUTION AND PROCEDURE FOR TERMINATION OF RECEIVERSHIP** |
| Defendants. | ) |

This matter is before the court with regard to the motion by Algernon L. Butler III, Receiver for Convalescent Transports, Inc. ("CTI"), requesting the court to enter an order approving the method of final distribution and procedure for terminating this receivership. For good cause shown, the court **RECOMMENDS** that the Receiver's motion be **GRANTED** in the form proposed by the Receiver as follows, with the exception that the Receiver serve the proposed final report and motion to terminate receivership on all claimants:

(1) The Receiver's Report and Recommendation on Claim is accepted; any claims not listed thereon, save and except claims arising out of the administration and operation of the receivership which are allowed by order of the court or which are acknowledged as allowed claims by the Receiver, are deemed to be rejected and disallowed;

(2) Pursuant to 31 U.S.C. § 3713(a)(1), the United States Government is entitled to receive first distribution of all funds remaining to be distributed in this case up to the amount of its allowed claims and after all costs of administration of the receivership are paid;

(3) The following claims of the United States shall be allowed in the following amounts as unsecured claim, and the balance of the following, and of any other claims fo the United States shall be disallowed as against CTI:

| Claim # | Agency Filing Claim | Amount of Claim | Amount to be Allowed | Basis for Claim and Recommendation |
|---|---|---|---|---|
| 01 | U.S. Attorney (EDNC) | $821,889.67 | $137,600.00 | This claim arises out of the court's sentencing judgment entered in this criminal case. The amount still owing is only the special assessment. This claim should be allowed as an unsecured nonpriority claim. |
| 31 | U.S. Attorney (EDNC) | $5,243,027.00 | $516,129.37 | This claim arises out of the court's judgment entered in the civil case #4:03-CV-32-FL. The amount still owing is approx. $982,268.52 and is offset by $466,139.15, an amount the United States has received from HHS Medicare. This claim should be allowed as an unsecured nonpriority claim. |
| 44 | Dep't of Treasurey-IRS | $111,861.00 | $111,861.00 | Taxes- Withholding & FICA |

(4) The funds to be paid to the United States upon final distribution in this case shall be paid and applied in the following order: first to pay Claim #44 fo the United States Department of the Treasury – Internal Revenue Service in the amount of $111,861.00 on account of taxes owing by CTI, sound towards Claim #01 filed by the United States Attorney's Office (EDNC) in the amount of $137,600.00 on account of the Special Assessment owing by CTI pursuant to the Court's sentencing judgment entered in this

criminal case, and third towards Claim # 31 filed by the United States Attorney's Office (EDNC) on account of the Court's judgment entered against CTI in the civil case # 4:03-CV-32-FL;

(5) The Receiver shall have fully and properly made distributions and payments made in this case to creditors and the United States Government upon his compliance with the method of distribution set forth above;

(6) The procedure for termination of this receivership shall be as follows: at such time as it is appropriate to make final distribution in this case, the Receiver shall file with the Court the Receiver's proposed final report, showing the amount to be distributed to the United States Government in this case, together with a motion for the court to enter an order approving the proposed final report and terminating this receivership estate. The proposed final report and motion for termination shall be served on the following parties: 1. The United States Government; 2. Any attorney of record in this case for Mr. Brian Conner (the principal of CTI); 3. Mrs. Connie Conner, Mr. Conner's mother; 4. All claimants that have filed a Proof of Claim in this case;[1] and 5. Those entities that have made an appearance in the case and that remain of record. The Receiver shall make final distribution upon entry of the court's order approving the proposed final report and terminating this receivership. The Receiver shall serve a copy of the court's order terminating the receivership on all the parties that received notice of the proposed final

---

[1] The receiver has requested that he not be required to serve all claimants with the proposed final report to save assets of the estate. As there are only 44 claimants and as fairness dictates that all claimants be give the opportunity to object to the proposed report, the undersigned recommends that all claimants, in addition to the United States, Brian Conner, and Mrs. Conner, be served with the proposed final report and motion for termination of the receivership.

3

report and motion for termination listed above. The Receiver may file such other motions concerning the administration of this case as may be necessary and appropriate to properly conclude the administration and preserve or dispose of the property and records of this estate, and no parties or entities other than the United States Government or any attorney of record in this case for Mr. Brian Conner, with a courtesy copy provided to Mr. Conner's mother, Mrs. Conner, shall be entitled to receive notice of such motions so long as the substantive pecuniary rights of such persons or entities are not affected; and

(7) It is proper for the Receiver to have served the Motion to Approve Method of Final Distribution and Procedure for Termination of Receivership only on the claimants that have filed a Proof of Claim in this case and those entities that have made an appearance in the case and that remain of record.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 9th day of July 2008.

DAVID W. DANIEL
United States Magistrate Judge