IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:04-CR-27-2FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| ) | ORDER |
| BRIAN CONNER, ) | |
| ) | |
| Defendant ) | |

This matter is before the court on defendant's motion regarding payment of criminal monetary penalties, (DE 248), which this court construes in part as a motion to modify the court's judgment, and in other part as a motion challenging the execution of his sentence while incarcerated in this district, pursuant to 28 U.S.C. § 2241. The government has responded in opposition. In this posture the issues raised are ripe for ruling.

BACKGROUND

Defendant was convicted following a jury trial of health care fraud and other related offenses, and he was sentenced on May 3, 2006, to a term of imprisonment of 151 months imprisonment. The court imposed criminal monetary penalties comprising an assessment of $34,600.00, a fine of $175,000.00, and restitution in the amount of $604,342.48, to be paid in accordance with a schedule of payments as follows:

> Payment of the special assessment and fine are due immediately. Payment of restitution shall be due and payable in full immediately. However, if the defendant

> is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $500.00 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

(Judgment at 5 (DE 83, 246)). Defendant appealed and the court of appeals affirmed. United States v. Conner, 262 F. App'x 515 (4th Cir. 2008). Defendant filed a petition pursuant to 28 U.S.C. § 2255, which this court dismissed, and the court of appeals affirmed the dismissal. United States v. Conner, 456 F. App'x 300, 305 (4th Cir. 2011).

Defendant filed the instant motion in the form of a handwritten letter. He states that he is unable to work while incarcerated due to medical conditions, and he relies completely on payments of about $250 to $300 per month from his father and mother. According to defendant, currently under the Inmate Financial Responsibility Program (IFRP), the Bureau of Prisons (BOP) takes about $162.00 per month towards his criminal monetary penalty payment. Defendant asserts this has created a hardship for him, and the most he can afford to pay is $50 per month (or $150 per quarter). Defendant suggests that as "presiding judge" the undersigned has authority to order payments as the court deems just and reasonable. Defendant also suggests that the court should be able to order BOP to reduce his payments through the IFRP.

In opposition, the government argues that the court has no authority to modify the payment schedule through an amendment to the judgment. In addition, the government argues that to the extent defendant challenges BOP conduct in applying IFRP to defendant, defendant has not exhausted administrative remedies. Finally, the government argues that the motion is without merit because the payments alleged are in accordance with the IFRP standards.

DISCUSSION

A.  Motion to modify judgment

As noted above, defendant suggests that the court should be able to modify the original judgment to order a particular amount of payment while incarcerated. The court, however, lacks authority to modify the criminal monetary penalties in the judgment if not allowed to do so by statute or rule. See Dillon v. United States, 560 U.S. 817, 824 (2010); United States v. Roper, 462 F.3d 336 (4th Cir.2006); United States v. Leary, 2:12-CR-27-BO-5, 2014 WL 1899010 (E.D.N.C. May 12, 2014) (denying motion to modify original judgment to clarify amount of payments under IFRP). Defendant has cited no statute or rule allowing for a modification of the judgment as requested by defendant.

Defendant suggests that based on a "recent appeals court decision" the court has the authority to modify the schedule of payments of criminal monetary penalties. Although defendant does not cite to a particular case, it appears he is referring to the decision by the Ninth Circuit in Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012), in which the court held that the BOP lacks authority to collect restitution payments in cases where the district court ordered restitution "due immediately," as here, without also ordering a payment schedule during incarceration. Id. at 1050. The Ninth Circuit, however, recognized that the Fourth Circuit, binding authority in this district where defendant is incarcerated, has held to the contrary. Id. (citing United States v. Dawkins, 202 F.3d 711, 716 (4th Cir.2000) (upholding district court's decision to order restitution payment pursuant to IFRP while incarcerated)); see Harrell v. Stephens, 5:10-HC-2259-FL, 2012 WL 688341 (E.D.N.C. Mar. 2, 2012) aff'd, 479 F. App'x 496 (4th Cir. 2012) ("[W]hen a fine or other financial obligation is due immediately, the BOP's use of the IFRP program to collect an inmate's

3

court-imposed fine" is not unlawful); see also United States v. Caudle, 261 F. App'x 501, 503-04 (4th Cir. 2008) (holding that "BOP has discretion to place inmate in IFRP when sentencing court has ordered immediate payment of court-imposed fine") (citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir.2002)). Accordingly, the motion to modify judgment must be denied.

B.      Section 2241 motion challenging execution of sentence.

Defendant also suggests that BOP improperly is executing his sentence and should be ordered to modify payments made through the IFRP. Such a claim challenging the execution of a fine or restitution order properly is construed as a petition for habeas corpus relief under 28 U.S.C. § 2241. Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005). A federal prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See Woodford v. Ngo, 548 U.S. 81, 88–89 (2006); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir.2004) (per curiam). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445. Defendant has not asserted any cause and prejudice for his failure to exhaust administrative remedies.

BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP–11 form. See 28 C.F.R. § 542.15.

4

In addition, the court refers defendant to the government's summary of the BOP regulations and policies governing administration of the IFRP, which as detailed in the government's response limit payment from an inmate's trust fund account where net deposits do not exceed $450.00 per quarter. When deposits exceed this amount, additional IFRP payments may be made at the discretion of the BOP.

In sum, petitioner's § 2241 petition will be dismissed without prejudice to allow him the opportunity to exhaust his administrative remedies, if he chooses to do so.

## CONCLUSION

Based on the foregoing, defendant's motion to modify his payment schedule is DENIED, and defendant's § 2241 motion challenging the execution of his sentence is DISMISSED WITHOUT PREJUDICE to allow defendant the opportunity to exhaust his administrative remedies.

SO ORDERED, this the 12th day of June, 2014.

LOUISE W. FLANAGAN
United States District Judge